UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. DUNCAN, | CV F- 06-1024 LJO DLB P |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| DR. HOANG, et al., | |
| Defendants. | |

Plaintiff is a proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. Pending before the Court is plaintiff's complaint filed August 7, 2006.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend

may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

  In the instant case, plaintiff brings action against Dr. Hoang, Dr. Akano, Dr. Brar, Dr. Klarich and C. Gipson.  Plaintiff alleges he had knee reconstructive surgery in October 2005.  Plaintiff alleges that prior to his surgery, Dr. Hoang failed to treat him and defendant Gipson failed to followup to schedule plaintiff's doctors appointments.  Plaintiff alleges Dr. Akano cleared him October 2004 without looking at his knee and Dr. Brar told him there was nothing wrong with his knee in February 2005.  After his surgery in October 2005, he wasn't given pain medication nor was he given crutches.  Plaintiff alleges that defendants' conduct constitutes deliberate indifference to a serious medical need in violation of the Eighth Amendment.

  A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

  In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble,

429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

In the instant case, plaintiff claims that the treatment he has received has been inadequate and that he disagrees with the treatment that has been rendered.  This is insufficient to state a claim.  Plaintiff alleges that he has been treated several times by the defendant-doctors.  Plaintiff has failed to allege that defendants knew of and disregarded a serious risk to plaintiff's health.  Rather, the doctors rendered treatment, though plaintiff considers the treatment insufficient.

In summary, the Court finds it necessary to dismiss the complaint in its entirety.  The Court will grant plaintiff an opportunity to amend to cure the deficiencies of this complaint.  Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint,

1  each claim and the involvement of each defendant must be sufficiently alleged.

2      In accordance with the above, IT IS HEREBY ORDERED that:

3          1. Plaintiff's complaint is dismissed; and

4          2. Plaintiff is granted thirty days from the date of service of this order to file an

5  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of

6  Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket

7  number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original

8  and two copies of the amended complaint; failure to file an amended complaint in accordance with

9  this order will result in dismissal of this action.

10      IT IS SO ORDERED.

11      **Dated:**   **May 4, 2007**          /s/ **Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE